# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTHONY HAASZ,<br>　　　　　　Appellant, | DOCKET NUMBER<br>NY-0752-15-0313-I-1 |
| 　　　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DATE: August 17, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Alan E. Wolin, Jericho, New York, for the appellant.

Christopher P. Richins, Brooklyn, New York, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed this involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant retired, effective October 4, 2014, after over 33 years of service, most recently as a WS-09 Maintenance Mechanic Supervisor at the agency's East Orange campus of the Veterans Affairs New Jersey Healthcare System. Initial Appeal File (IAF), Tab 1, Tab 10 at 12. In this appeal, the appellant alleged that he involuntarily retired because his supervisor repeatedly failed to select him for promotions, lateral assignments, and details. IAF, Tab 1 at 6. He also asserted that his supervisor "perpetrated a continuing hostile work environment" by, for example, refusing to upgrade the appellant's WS-09 position, failing to assign him to temporary supervisory details, and micro-managing the performance of his subordinates. *Id.* The appellant also claimed that his supervisor spoke down to him, disregarded the medical staff's assessment of his performance, and failed to properly reward or recognize his performance. *Id.* Because he believed that the discrimination and hostile work environment that his supervisor allegedly perpetrated would not change and that his career was therefore at a "dead end," he decided to retire. *Id.* at 6-7.

¶3        Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that his working conditions were so intolerable that the agency left him no choice but to retire. IAF, Tab 18, Initial Decision (ID). The administrative judge also found nothing in the record to indicate that the agency coerced the appellant's retirement under duress and further observed that his nonselection for several positions "did not strip the appellant of his free choice" to either remain in the agency's employ or to retire. ID at 6.

¶4        In his petition for review, the appellant argues that the administrative judge made conclusions more appropriate for a decision on the merits rather than a decision on jurisdiction, specifically challenging the findings that he could have either chosen to stay on the job to await another opportunity for promotion or requested a transfer to a different supervisor. Petition for Review (PFR) File, Tab 1 at 5-6. He also claims that the administrative judge improperly denied him a hearing at which he would have disproved those findings and established that a reasonable person would have had no choice but to retire under these circumstances. *Id.* at 6-7. The agency responded in opposition to the appellant's petition for review and the appellant replied to the agency's response. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        An employee-initiated action, such as a retirement, is presumed to be voluntary unless the appellant presents sufficient evidence to establish that the action was obtained through duress, coercion, or misinformation, or if the appellant demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in his position would have felt compelled to retire. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 493, ¶ 11 (2011); *see Miller v. Department of Homeland Security*, 111 M.S.P.R. 258, ¶ 8 (2009), *aff'd*, 361 F. App'x 134

(Fed. Cir. 2010).  The reasonable person test is an objective test and does not depend on the appellant's subjective characterization of the agency's actions. *E.g.*, *Markon v. Department of State*, 71 M.S.P.R. 574, 577-78 (1996).

¶6      The U.S. Court of Appeals for the Federal Circuit has consistently maintained that "[t]he doctrine of coercive involuntariness is a narrow one, requiring that the employee satisfy a demanding legal standard."  *E.g.*, *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013); *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc).  In *Conforto*, the court further stated, "An employee's dissatisfaction with the options that an agency has made available to him is not sufficient to render his decision to resign or retire involuntary."  *Conforto*, 713 F.3d at 1121.  Accordingly, the court explained, "coerced involuntariness does not apply if the employee resigns or retires because he does not like agency decisions such as 'a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels he has no realistic option but to leave.'"  *Id.* at 1121‑22 (quoting *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996)).  Moreover, the coercion must arise from improper acts by the agency.  *Id.* at 1122.

¶7      The touchstone of the voluntariness analysis is whether, after considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice.  *E.g.*, *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010).  Factors the Board will consider include undue time pressure on retirement decisions and agency bad faith in encouraging retirement, as well as unreasonably difficult working conditions caused by the agency.  *Jones v. Department of the Treasury*, 107 M.S.P.R. 466, ¶ 10 (2007).  To establish entitlement to a hearing on jurisdiction, an appellant need not allege facts that, if proven, definitely would establish that the retirement was involuntary; he need only allege facts that, if

proven, could establish such a claim. *Frison v. Department of the Army*, 94 M.S.P.R. 431, ¶ 4 (2003).

¶8        We agree with the administrative judge that the appellant failed to nonfrivolously allege facts that, if proven, could rebut the presumption of voluntariness and entitle him to a hearing at which he could prove that his retirement was involuntary.  ID at 4-7; *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985) (finding that an appellant is entitled to a hearing on the issue of jurisdiction over an appeal of an allegedly involuntary retirement only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness).  Thus, the administrative judge properly dismissed the appeal without holding a hearing.  *Id.*  As the administrative judge correctly observed, despite all of the issues the appellant raised in his appeal, he could have simply remained in his position.  *See Schultz v. U.S. Navy*, 810 F.2d 1133, 1136‑37 (Fed. Cir. 1987) (finding that the fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential removal action does not rebut the presumed voluntariness of her ultimate choice of resignation).  The frustrations the appellant describes do not change that fact and we find that a reasonable person under these circumstances would not have felt compelled to resign.  Although the appellant contends on review that there would be no more opportunities for promotion, we agree with the administrative judge that he identified no evidence that this was the case, ID at 5-6, and we find the same is true for the appellant's assertions that he could not be reassigned to a position with a different supervisor, PFR File, Tab 1 at 6-7; *see* 5 C.F.R. § 1201.4(s) (stating, in pertinent part, that a nonfrivolous allegation is one that is more than conclusory).

¶9        We also agree that the appellant failed to substantiate his claim that the agency discriminated against him on the basis of his age or that it retaliated against him for his prior equal employment opportunity activity.  ID at 6‑7.

When an appellant raises claims of discrimination and retaliation in connection with a determination of voluntariness, evidence of discrimination or retaliation may be addressed only insofar as it relates to the issue of voluntariness and not to whether the evidence would establish discrimination or retaliation as an affirmative defense. *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001). Here, nothing that the appellant claims as either discriminatory or retaliatory, even if true, changes the basic fact that he could have continued to stay and perform in his position. We conclude, as stated above, that the appellant's working conditions and the choices he had to face were not so intolerable that a reasonable person in his position would have chosen to retire. Consequently, we affirm the administrative judge's determination to dismiss the appeal for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             Jennifer Everling
                             Acting Clerk of the Board

Washington, D.C.